IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | |
|---|---|
| TERRY SCHULING, : | Civil Action No. _____ |
| Plaintiff, : | |
| vs. : | |
| PORTFOLIO RECOVERY ASSOCIATES, : LLC, | |
| Defendant. : | |

## COMPLAINT

Plaintiff Terry Schuling, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Terry Schuling is a natural persons residing in Des Moines, Iowa.

4. Defendant, Portfolio Recovery Associates, LLC, (hereinafter "Portfolio") is a business engaged in the collection of debts in the state of Iowa with its principal place of business located in Norfolk, Virginia.

### IV. FACTUAL ALLEGATIONS

5. Plaintiff has an alleged debt from a U.S. Cellular account that Portfolio is attempting to collect. The alleged debt originated in 2001 and is past the applicable statute of limitations.

6. On November 18, 2008, Schuling's attorney sent Portfolio a letter disputing the alleged debt and informing it if Schuling's representation. The letter also requested that all communication with Schuling cease immediately or be directed to Schuling's attorney.

7. Portfolio disregarded Schuling's request by sending her a letter directly and continuing to call her repeatedly, sometimes as early as 7:30 AM.

### V. FIRST CLAIM FOR RELIEF

8. All facts and allegations of this Complaint are incorporated herein by reference.

9. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Portfolio violated 15 U.S.C. § 1692c(a)(1) by contacting Ms. Schuling at a time assumed to be inconvenient.

   b. Portfolio violated 15 U.S.C. § 1692d(5) by engaging Ms. Schuling in telephone conversations repeatedly with the intent to annoy and harass.

    c. Portfolio violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt by attempting to collect an alleged debt that is past the statute of limitations.

    d. Portfolio violated 15 U.S.C. § 1692b(6) by contacting Schuling when it was known, or should have been known, that she was being represented by an attorney.

10. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and for Plaintiff's statutory damages, actual damages, including damages for emotional distress, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

11. All facts and allegations of this Complaint are incorporated herein by reference.

12. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    a. Defendant violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law.

    b. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding.

    c. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Schuling when it was known, or should have been known, that she was being represented by an attorney.

  d. Defendant violated Iowa Code § 537.7103(2)(d) by engaging Ms. Schuling in telephone conversations repeatedly with the intent to annoy and harass.

13. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

  A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

  B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

  C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

  D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*[signature]*

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 0265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com